UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YOLANDA PATRICK,
    **Plaintiff**,

v.

CITY OF HAZEL PARK, a municipal
Corporation, and TREVOR DEANOVICH
(individual capacity), all jointly
and severally,
    **Defendants**.

Case No.
Hon.

| **PLAINTIFF'S COMPLAINT AND JURY DEMAND** |
|---|

| BURTON-HARRIS LAW, PLC | |
|---|---|
| Robert Burton-Harris (P81843) | |
| *Attorney for Plaintiff* | |
| 500 Griswold St., Suite 2450 | |
| Detroit, MI 48226-3421 | |
| Office: (313) 572-4397 | |
| Cell: (734) 548-5148 | |
| Fax: (734) 999-0452 | |
| Robert@BurtonHarrisLaw.com | |

## COMPLAINT AND JURY DEMAND

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge. **However, another civil action, between Defendants and a different Plaintiff, arising out of the same transaction or occurrence as alleged in this Complaint is pending in this court under Case No. 2:23-cv-10065 (*Dwayne Dye v. City of Hazel Park, et al.*)**

Yolanda Patrick ("Plaintiff"), through her counsel, Burton-Harris Law, PLC, files this civil action against the City of Hazel Park and Trevor Deanovich ("Defendants") stating:

## <u>NATURE OF PLAINTIFF'S CLAIMS</u>

1. This is a civil rights action under 42 U.S.C. § 1983 arising from Defendant Trevor Deanovich's unlawful seizure, false arrest, and use of excessive force against Plaintiff, a 67-year-old Black woman. Defendant City of Hazel Park is liable under *Monell* for its failure to train, supervise, and discipline officers like Defendant Deanovich, whose actions reflected systemic deficiencies in Hazel Park policing on July 17, 2022.

## <u>JURISDICTION AND VENUE</u>

2. At all relevant times, Defendants acted under color of laws, statutes, ordinances, policies, practices, customs, and usages of the State of Michigan, City of Hazel Park, and the Hazel Park Police Department.

3. Subject matter jurisdiction is conferred by 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights jurisdiction).

4.   Supplemental jurisdiction over Plaintiff's state law claims is proper pursuant to 28 U.S.C. § 1367 as they arise from the same case and controversy.

5.   Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391 because most or all events giving rise to the claims occurred in the Eastern District of Michigan.

## **PARTIES**

6.   YOLANDA PATRICK ("Plaintiff") is a 67-year-old Black woman and resident of Macomb County, Michigan.

7.   The CITY OF HAZEL PARK ("Defendant City") is a municipal corporation duly organized and existing under the Constitution and laws of the State of Michigan. It is authorized by law to maintain and operate the Hazel Police Department ("HPD"). By and through its agents, including but not limited to the Chief of Police, its supervisors, operating officers, and its final policymakers. Defendant City, at all relevant times, acting through its official policy makers, established, promulgated and implemented the policies, customs and practices, written and unwritten, of HPD,

regarding the use of force, training, supervision, and discipline of the employees of said department.

8.    TREVOR DEANOVICH ("Defendant Deanovich"), at all relevant times herein, was employed by the Hazel Police Department as a police officer assigned to Road Patrol and acting within the scope of his employment under color of law. On information and belief, Defendant Deanovich resides in Macomb County, Michigan. He is sued in his individual capacity.

## COMMON ALLEGATIONS OF FACT

9.    Plaintiff incorporates all preceding paragraphs by reference as if fully restated here.

10.    Historically, the Hazel Park/Detroit border, on Eight Mile Road, has reflected systemic disparities based on racial, ethnic, and socioeconomic factors.

11.    Despite its proximity to Detroit, Hazel Park has remained an overwhelming working-class, white-majority municipality since its inception.

12.    Against this backdrop, recent events including the George Floyd incident have caused Hazel Park to acknowledge and condemn

inequity, discrimination, and misconduct in the context of policing as recently as June 2, 2020.

13. On July 17, 2022, around 1:00 AM, Plaintiff Yolanda Patrick was being driven home by her boyfriend, Dwayne Dye, a 52-year-old Black Marine Corps veteran.

14. Defendant Trevor Deanovich initiated a traffic stop of Mr. Dye's car at the Hazel Park/Detroit border near Eight Mile Road.

15. Mr. Dye placed his hands out of the driver's side window to show that he was not a threat.

16. When Defendant Deanovich asked Mr. Dye about his driving, Mr. Dye chose to remain silent, offering his license, registration, and Veteran Affairs identification card without further comment.

17. In response, Defendant Deanovich ordered Mr. Dye out of the car and arrested him.

18. Mr. Dye requested the presence of a supervisor, but Defendant Deanovich declined to contact anyone stating "that's not how this works".

19. While being searched, Mr. Dye told Plaintiff to dial 911 and ask for a sergeant or lieutenant on duty.

20.     Defendant Deanovich handcuffed Mr. Dye and put him in the back
of the police car.

21.     Defendant Deanovich and another officer were wearing body worn
cameras that captured the initial stop and their subsequent
conduct. The most relevant portions of the recordings can be viewed
at https://bit.ly/41SoSQA.

22.     Defendant Deanovich then used his radio to note he had "detained"
someone for resisting and obstructing and possibly for operating
while intoxicated.

23.     Defendant Deanovich returned to Mr. Dye's car and spoke to
Plaintiff who was sitting in the front-passenger seat. Defendant
Deanovich advised that Plaintiff needed to arrange an alternative
ride because Mr. Dye's car would be towed and impounded.

24.     Plaintiff responded that she did not know what was happening and
offered to drive Mr. Dye's car, herself, to avoid impoundment.

25.     Plaintiff and Defendant Deanovich contemporaneously reached for
the keys protruding from the car's ignition.

26.   Defendant Deanovich cursed at Plaintiff, walked over to the
passenger side, and, without warning, forcefully removed Plaintiff
from the car by her arm.



27.   After removing Plaintiff from the car, Defendant Deanovich
continued to force Plaintiff's arm in an unnatural and painful
direction.

28.   Another officer arrived on scene as Defendant Deanovich was
arresting Plaintiff.

29.   Plaintiff yelled in pain, asked the officer for help, and complained
that her arm was "out of place".

30.   Plaintiff's arrest lacked probable cause to believe she had
committed a crime. To the extent that Plaintiff touched Defendant

Deanovich, if at all, Defendant Deanovich knew that any such touching was accidental and/or lacked criminal intent.

31. Defendant Deanovich later told another officer that he did not care about Plaintiff "grabbing [his] hand."

32. Plaintiff and Mr. Dye were eventually released at the scene.

33. Defendant Deanovich continued to antagonize and belittle Plaintiff until her ride drove her away from the scene.

34. Plaintiff did not use any force against Defendant Deanovich or do anything that would legally justify the use of force against her.

35. Defendant Deanovich's use of force against Plaintiff was facially violative of HPD's written policies.

36. Defendant Deanovich's use of force against Plaintiff was objectively unreasonable.

37. Defendant Deanovich's actions were done with the purpose of inflicting pain, fear, and helplessness.

38. Defendant City was aware of Defendant Deanovich's conduct but did not reprimand or take any punitive action against him thereby approving Defendant Deanovich's conduct.

39. While under oath, the Chief of Police testified that, after reviewing the relevant reports and body-worn camera footage, Defendant Deanovich's conduct did not violate "the policies and procedures of the Hazel Park Police Department in any way."

40. Defendant City provided Defendant Deanovich with no training on the use of reasonable force prior to July 17, 2022, despite assigning him to Road Patrol knowing that he would have frequent contact with motorists and their passengers.

41. Defendant City provided Defendant Deanovich with no implicit bias training prior to July 17, 2022, despite knowing the dangers of inequitable policing.

42. Based on the serious misconduct of Defendant Deanovich, upon information and belief, Defendant City failed to properly train, supervise, and/or discipline Defendant Deanovich regarding proper police practices prior to July 17, 2022.

43. Plaintiff suffered permanent injuries to her arm and shoulder, which inter alia have diminished her quality of life and impaired her ability to play with and care for her grandchildren.

44.  Defendants acted intentionally and/or with deliberate indifference and/or with reckless disregard for Plaintiff's well-being and constitutional rights.

45.  The constitutional rights Defendants violated were clearly established at the time that the violation occurred and any reasonable officer or individual in the position of Defendants would have understood that their conduct violated Plaintiff's constitutional rights.

46.  Defendants are therefore not entitled to qualified or any immunity.

47.  Plaintiff's injuries were a direct and/or proximate result of Defendants' actions and/or policies.

48.  As a direct and proximate result of Defendants' actions and policies, Plaintiff has suffered, and continues to suffer, physical injuries, emotional distress, pain, humiliation, loss of enjoyment, and other damages—some of which may be permanent.

### COUNT I – 42 U.S.C. § 1983
### Violation of the Fourth Amendment – Excessive Force
### (Defendant Deanovich)

49.  Plaintiff incorporates all preceding paragraphs by reference as if fully restated here.

50. Defendant Deanovich's conduct violated Plaintiff's clearly established rights to be free from the use of unreasonable or excessive force.

51. Acting under color of law and pursuant to the customs, policies, and practices of Defendant City and/or Defendant City's police department, Defendant Deanovich engaged in conduct that violated Plaintiff's rights to be free from the use of unreasonable and/or excessive force.

52. Defendant Deanovich knew or should have known that the level of force used against Plaintiff was unreasonable and/or excessive.

53. Plaintiff's right to be from the use of arbitrary, unreasonable, and/or excessive force were clearly established when they were violated.

## COUNT II – 42 U.S.C. § 1983
## Violation of the Fourth Amendment – Arrest without Probable Cause
### (Defendant Deanovich)

54. Plaintiff incorporates all preceding paragraphs by reference as if fully restated here.

55.  Defendant Deanovich's conduct violated Plaintiff's clearly established rights to be free from unreasonable seizures and arrests.

56.  Acting under color of law and pursuant to the customs, policies, and practices of Defendant City and/or Defendant City's police department, Defendant Deanovich engaged in conduct that violated Plaintiff's rights to be free from warrantless seizures without probable cause.

57.  Defendant Deanovich knew or should have known that he lacked probable cause to arrest Plaintiff when he arrested her.

58.  Plaintiff's right to be free from unreasonable seizures and arrests was clearly established when they were violated.

## COUNT III – Common Law: False Arrest
### (Defendant Deanovich)

59.  Plaintiff incorporates all preceding paragraphs by reference as if fully restated here.

60.  Defendant Deanovich's conduct violated Plaintiff's clearly established rights, under Michigan common law, to be free from unreasonable or false arrests.

61. Acting under color of law and pursuant to the customs, policies, and practices of Defendant City and/or Defendant City's police department, Defendants, acting in their individual and/or official capacities, have engaged in conduct that violates Plaintiff's state constitutional rights to be from unreasonable or false arrests.

62. Defendant Deanovich knew or should have known that he lacked probable cause to arrest Plaintiff when he arrested her.

63. Plaintiff's right to be free from unreasonable seizures and arrests were clearly established when they were violated.

## COUNT IV – 42 U.S.C. § 1983
## Monell Claim
### (Defendant City)

64. Plaintiff incorporates all preceding paragraphs by reference as if fully restated here.

65. At all relevant times, Defendant City, through its police department, supervisors, and/or policymakers, established and/or maintained the following customs, usages, policies, and/or practices:

    a. failing to train, supervise, and/or discipline law enforcement officers, including but not limited to Defendant Deanovich, with regard to the reasonable use of force, de-escalation

techniques, constitutional arrests, the proper exercise of police powers, implicit bias, and necessary orders or warnings prior to using force, while knowing that this lack of training, supervision and/or discipline would likely promote and/or condone unconstitutional behavior, wrongful arrests, and the use of excessive force. Defendant Deanovich knew that his unconstitutional behavior would not result in discipline, termination, criticism, or any other form of reprisal thereby guaranteeing the continuation of such unconstitutional actions by employees of Defendant City; and

b. Condoning, approving, ratifying, and acquiescing in known unconstitutional conduct, and known patterns of unconstitutional conduct, undertaken by its employees, including Defendant Deanovich, and its supervisors, thereby adopting said conduct as policy of Defendant City, acting through the HPD.

66. Each of the aforementioned policies, customs, and/or practices (i.e., the failures to train, supervise, and/or discipline Defendant Deanovich) was known to Defendant City as being highly likely and

14

probable to cause violations of the constitutional rights of members of the public including Plaintiff.

67.    Defendant City, acting through its police department and final policymakers, was on actual or constructive notice that Defendant Deanovich had not received any training on the constitutional use of force while assigned to traffic enforcement. This lack of training posed a known and obvious risk of constitutional violations.

68.    Each such custom, policy, and/or practice referenced above was a moving force in the violations of Plaintiff's constitutional rights.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests:

A. Compensatory damages as to all defendants;

B. Punitive damages as to Defendant Deanovich;

C. Reasonable attorney's fees and costs as to all defendants;

D. Declaratory judgement that Defendant Deanovich's use of force was excessive and violated Plaintiff's rights under the Fourth Amendment to the United States Constitution; and

E. Any other relief as may appear just and appropriate.

Plaintiff demands a jury trial on all issues so triable.

Respectfully Submitted,

**Dated: March 31, 2025**

BY: <u>/s/ *Robert Burton-Harris*</u>
Robert Burton-Harris (P81843)
BURTON-HARRIS LAW, PLC
*Attorney for Plaintiff*
500 Griswold St., Suite 2450
Detroit, MI 48226-3421
Office: (313) 572-4397
Cell: (734) 548-5148
Fax: (734) 999-0452
Robert@BurtonHarrisLaw.com

UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YOLANDA PATRICK,
      **Plaintiff**,

v.                                Case No.
                                    Hon.

CITY OF HAZEL PARK, a municipal
Corporation, and TREVOR DEANOVICH
(individual capacity), all jointly
and severally,
      **Defendants**.

| BURTON-HARRIS LAW, PLC | |
|---|---|
| Robert Burton-Harris (P81843) | |
| *Attorney for Plaintiff* | |
| 500 Griswold St., Suite 2450 | |
| Detroit, MI 48226-3421 | |
| Office: (313) 572-4397 | |
| Cell: (734) 548-5148 | |
| Fax: (734) 999-0452 | |
| Robert@BurtonHarrisLaw.com | |

## **DEMAND FOR TRIAL BY JURY**

      Pursuant to Fed. R. Civ. P. 38 and 39, and to the Eastern District

LR 38.1, Plaintiff demands a trial by jury on each claim at law which

seeks compensatory and/or punitive damages.

Respectfully Submitted,

**Dated: March 31, 2025**

BY: <u>/s/ *Robert Burton-Harris*</u>
Robert Burton-Harris (P81843)
BURTON-HARRIS LAW, PLC
*Attorney for Plaintiff*
500 Griswold St., Suite 2450
Detroit, MI 48226-3421
Office: (313) 572-4397
Cell: (734) 548-5148
Fax: (734) 999-0452
Robert@BurtonHarrisLaw.com